UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|       Plaintiff, | |
|       v. | Case No. 11-cr-40067-JPG |
| JESSICA N. CHILDERS, | |
|       Defendant. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Jessica Childers' ("Childers") motion (Doc. 81) in which she argues this Court erred in the manner in which it imposed restitution and asks the Court to defer her restitution payments.  For the following reasons, the Court denies Childers' motion.

On August 11, 2011, Childers' pleaded guilty to conspiracy to submit false, fictitious and fraudulent claims in violation of 18 U.S.C. § 286, receipt of money stolen from the United States in violation of 18 U.S.C. § 641, and aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1).  On January 13, 2012, this Court sentenced Childers to 108 months imprisonment, three years supervised release, a $300 special assessment, and $806,101.79 restitution.  Now, Childers' asserts the Court erred because it failed to consider whether she had the ability to pay and set up a payment schedule.

District courts lack jurisdiction to revisit sentences and can only entertain motions subsequent to judgment when authorized by statute or rule.  *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003).  Childers fails to fall into one of the exceptions giving this Court jurisdiction to entertain her motion.  Childers has filed her motion well beyond the jurisdictional

deadline in Federal Rule of Criminal Procedure 35(a) which allows the court to correct a sentence within seven days.  Childers does not seek merely to correct a clerical error and thus is not eligible for relief under Federal Rule of Criminal Procedure 36.  Further, she cannot seek relief under 25 U.S.C. § 2255 because she is challenging her restitution, not her custody.  Accordingly, the Court lacks jurisdiction to consider her argument and thus denies her motion.

To the extent Childers asks the Court to defer her restitution payments based on financial hardship, the Court denies her motion for the reasons set forth in its January 30, 2013 order (Doc. 70) in which the Court denied Childers' motion to suspend restitution payments.

Thus, the Court **DENIES** Childers' motion (Doc. 81) for lack of jurisdiction and for the reasons set forth in its January 30, 2013 order (Doc. 70).

**IT IS SO ORDERED.**

**DATED:**  June 18, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
